IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) C.A. No. _____ <br> ) <br> ALKEM LABORATORIES LTD., ) <br> ) <br> Defendant. ) <br> ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint against Defendant Alkem Laboratories Ltd. ("Alkem" or "Defendant"), Plaintiff Azurity Pharmaceuticals, Inc., previously known as CutisPharma, Inc. ("Azurity" or "Plaintiff"), by and through its attorneys, allege as follows:

**The Nature of the Action**

1. This is an action for patent infringement of United States Patent No. 10,493,028 (the "'028 patent"), arising under the patent laws of the United States, Title 35, United States Code. This action arises out of the filing by Defendant Alkem of Abbreviated New Drug Application ("ANDA") No. 214913 with the U.S. Food and Drug Administration ("FDA") seeking approval of a generic version of Plaintiff's vancomycin hydrochloride oral solution that is the subject of New Drug Application ("NDA") No. 208910, hereinafter referred to as Plaintiff's "FIRVANQ® product." Plaintiff seeks all available relief under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and other applicable laws for Defendant's infringement of the '028 patent.

**The Parties**

2. Azurity is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 841 Woburn St, Wilmington, MA 01887.

3.      Azurity was previously known as CutisPharma, Inc. and officially changed its name from CutisPharma, Inc. to Azurity Pharmaceuticals, Inc. on or around February 3, 2020.

4.      On information and belief, Alkem is an Indian corporation, having a principal place of business at Devashish Building, Alkem House, Senapti Bapat Road, Lower Parel, Mumbai – 400 013, India.

5.      On information and belief, Alkem is in the business of, among other things, developing, manufacturing, marketing, importing, and selling generic copies of branded pharmaceutical products for the United States market.

## Jurisdiction and Venue

6.      This action arises under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*., and from Alkem's submission of ANDA No. 214913 ("Alkem's ANDA").

7.      This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331, 1338(a).  Relief is sought under 35 U.S.C. § 271(e).

8.      On information and belief, this Court has personal jurisdiction over Alkem because of, among other things, Alkem's persistent and continuous contacts with Delaware. Alkem has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Alkem regularly and continuously transacts business in Delaware, including by directly or indirectly developing, manufacturing, marketing, and selling generic pharmaceutical products in Delaware.  On information and belief, Alkem derives substantial revenue from the sale of those products in Delaware, and has availed itself of the privilege of conducting business within Delaware.  Alkem has regularly engaged in patent litigation concerning FDA-approved products in this judicial district without contesting personal jurisdiction.  Alkem has purposefully availed

itself of the rights and benefits of this court by asserting claims and/or counterclaims in this Court.  *See, e.g.*, *Boehringer Ingelheim Pharms. Inc. et al. v. Alkem Laboratories Ltd.*, C.A. No. 18-1738-CFC, D.I. 15 (D. Del. Jan. 11, 2019); *H. Lundbeck A/S et al. v. Alkem Labs. Ltd. et al.*, C.A. No. 18-89-LPS, D.I. 13 (D. Del. Apr. 2, 2018); *Biogen International GmbH et al. v. Alkem Labs. Ltd. et al.*, C.A. No. 17-850-LPS, D.I. 12 (D. Del. Oct. 16, 2017).

9. On information and belief, this judicial district is a likely destination of the product that is the subject of Alkem's ANDA.

10. Alternatively, this Court has personal jurisdiction over Alkem pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiff's claims arise under federal law; (b) Alkem is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Alkem has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDA No. 214913 to FDA and/or manufacturing, importing, offering to sell, and/or selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Alkem satisfies due process.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## **Plaintiff's FIRVANQ® Product**

12. Plaintiff's FIRVANQ® product is an FDA approved antibacterial indicated in adults and pediatric patients less than 18 years of age for the treatment of *Clostridium difficile-*associated diarrhea.  FIRVANQ® is also indicated for the treatment of enterocolitis caused by *Staphylococcus aureus* (including methicillin-resistant strains).

13. Azurity holds approved NDA No. 208910.

**U.S. Patent No. 10,493,028**

14. The '028 patent, entitled "Composition and Method for Vancomycin Oral Liquid," was duly and legally issued on December 3, 2019. A true and correct copy of the '028 patent is attached to this Complaint as Exhibit A.

15. The face of the '028 patent names Indu Muni, Peter Mione, Anisa Gandhi, and Cristina LeChiara as inventors and CutisPharma, Inc. (Azurity's previous name) as assignee.

16. Azurity, as assignee, holds all rights to sue and to recover for infringement of the '028 patent.

17. Pursuant to 21 U.S.C. § 355, the '028 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book"), in connection with Plaintiff's FIRVANQ® product.

18. Plaintiff's FIRVANQ® product is covered by at least one claim of the '028 patent.

**Infringement by Alkem**

19. By letter dated July 7, 2020 (the "Notice Letter"), Alkem notified Plaintiff that it had submitted ANDA No. 214913 to FDA under Section 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act ("FDCA") (21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. §314.95) seeking approval to engage in the commercial manufacture, use, and sale of a generic version of Plaintiff's FIRVANQ® product (the Alkem "ANDA Product" or "Proposed Product") before the expiration of the '028 patent.

20. The Notice Letter states that Alkem's ANDA Product is "a kit for oral solution."

21. On information and belief, Alkem intends to engage in commercial manufacture, use, and sale of the Alkem ANDA Product promptly upon receiving FDA approval to do so.

22. By filing ANDA No. 214913, Alkem has necessarily represented to FDA that the Alkem ANDA Product has the same active ingredients as Plaintiff's FIRVANQ® product; has the same route of administration, dosage form, use, and strength as Plaintiff's FIRVANQ® product; and is bioequivalent to Plaintiff's FIRVANQ® product.

23. The label for Plaintiff's FIRVANQ® product states in part: "[p]rior to oral administration, the supplied FIRVANQ powder must be reconstituted by the healthcare provider (*i.e.*, a pharmacist) to produce the oral solution."

24. On information and belief, the proposed label for the Alkem ANDA Product is substantially similar, if not identical, to the label for Plaintiff's FIRVANQ® product. 35 U.S.C. § 355(j)(2)(A).

25. This action is being filed within forty-five (45) days of Plaintiff's receipt of Alkem's Notice Letter.

**CLAIM 1 FOR RELIEF**
**Infringement of the '028 Patent Under 35 U.S.C. § 271 (e)(2)(A)**

26. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

27. On information and belief, Alkem submitted ANDA No. 214913 to FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Alkem ANDA Product throughout the United States before the expiration of the '028 patent.

28. On information and belief, by submitting Alkem's ANDA, Alkem has committed an act of infringement of one or more claims of the '028 patent under 35 U.S.C. § 271 (e)(2)(A).

29. On information and belief, if Alkem's ANDA is approved by FDA, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of the Alkem ANDA Product will constitute acts of infringement, either

literally or under the doctrine of equivalents, of one or more claims the '028 patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

30. On information and belief, the reconstitution of Alkem's ANDA Product (by a pharmacist or other person(s)) completed according to the instructions in the proposed labeling for Alkem's ANDA Product will result in a product that infringes, either literally or under the doctrine of equivalents, one or more claims the '028 patent.

31. On information and belief, Alkem had actual and constructive knowledge of the '028 patent prior to filing ANDA No. 214913 and was aware that submission of this ANDA with FDA constituted an act of infringement of the '028 patent.

32. On information and belief, Alkem had specific intent to infringe, and induce the infringement of, the '028 patent when it filed ANDA No. 214913.

33. On information and belief, there are no substantial non-infringing uses for the Alkem ANDA Product other than as the pharmaceutical claimed in the '028 patent.

34. The commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product in violation of Plaintiff's patent rights will cause substantial and irreparable harm to Plaintiff for which damages are inadequate.

### **Prayer for Relief**

Plaintiff respectfully requests the following relief:

a) A judgment that Alkem has infringed, either literally or under the doctrine of equivalents, the '028 patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214913 under Section 505(j) of the FDCA, and that Alkem's making, using, offering to sell, or selling in the United States, or importing into the United States of the Alkem ANDA Product will infringe one or more claims of the '028 patent;

b) A finding that the claims of the '028 patent are valid and enforceable;

c) An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 214913 shall be a date which is not earlier than the latest expiration date of the '028 patent, as extended by any applicable periods of exclusivity;

d) An order under 35 U.S.C. § 27l(e)(4)(B) permanently enjoining Alkem, its subsidiaries, parents, officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, or importation into the United States, of any drug product covered by, or any drug product for which the use of the drug product is covered by the '028 patent, including the Alkem ANDA Product;

e) A finding that this is an exceptional case under 35 U.S.C. § 285, and that Plaintiff be awarded reasonable attorneys' fees and costs; and

f) An award of any such other and further relief as the Court may deem just and proper.

OF COUNSEL:

Tung-On Kong
Wendy L. Devine
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

James P.H. Stephens
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130
(858) 350-2300

August 20, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiff*
*Azurity Pharmaceuticals, Inc.*