IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **AZURITY PHARMACEUTICALS, INC.,** | |
| *Plaintiff*, | **Civil Action** |
| *v.* | **No. 20-cv-1094** |
| **ALKEM LABORATORIES LTD.,** | |
| *Defendant.* | |

## ORDER

**AND NOW**, this 8th day of June, 2022, upon consideration of letters submitted by both parties concerning a discovery dispute (ECF Nos. 133 & 134), I find as follows:

1.      This is a Hatch-Waxman lawsuit involving an oral liquid formulation of the antibiotic vancomycin. Plaintiff Azurity Pharmaceuticals, Inc. contends that an Abbreviated New Drug Application ("ANDA") filed by Defendant Alkem Laboratories Ltd. infringes certain claims of U.S. Patent No. 9,598,948.

2.      Defendant intends to argue at trial that its ANDA does not infringe the asserted claims because the ANDA contains propylene glycol, which does not appear in the asserted claims. In response, Plaintiff intends to offer the following theories to establish infringement: (1) propylene glycol can appear in a formulation satisfying the claim limitations as a "flavoring agent," which is claimed; and (2) even if propylene glycol is absent from the claimed formulation but present in Defendant's ANDA, infringement is still possible because the propylene glycol in Defendant's ANDA is "unrelated to [Plaintiff's] invention." See Norian Corp. v. Stryker Corp., 363 F.3d 1321, 1331 (Fed. Cir. 2004).

1

3.      In responding to Plaintiff's theories, Defendant has sought discovery regarding: (1) whether flavoring agents in general, and the flavoring agent in Plaintiff's product in particular, contain propylene glycol; and (2) the basis for Plaintiff's contention that propylene glycol in Defendant's ANDA is unrelated to Plaintiff's invention. Defendant argues that certain discovery responses are deficient and has moved to compel complete responses.

## I.      LEGAL STANDARD

4.      The scope of discovery includes any matter that is relevant to any party's claim or defense, not privileged, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In evaluating this standard, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. When discovery has been sought and refused, the requesting party may seek an order compelling its production. Fed. R. Civ. P. 37(a)(3)(B).

## II.      DISCUSSION

5.      Defendant's Requests for Admission 5, 6, 12, and 13 seek Plaintiff's admission that there exist suitable flavoring agents that do not contain propylene glycol and, in particular, that the flavoring agent used in Plaintiff's own product does not contain propylene glycol. Similarly, Defendant's Interrogatories 17, 18, and 21 seek the basis for Plaintiff's denials, if any, of the above propositions.

6.      Plaintiff does not admit or deny any of these requests for admission nor substantively answer any of these interrogatories. As to Requests for Admission 12 and 13 (concerning Plaintiff's own product), Plaintiff refers Defendant to its New Drug Application (NDA) for the product, which lists the supplier and product number for the flavoring agent.

2

Plaintiff's answers to interrogatories refer Defendant to the responses to requests for admission. Plaintiff's responses do not indicate whether Plaintiff knows whether the flavoring agent in its product contains propylene glycol or whether Plaintiff can determine this information through a reasonable investigation.

7.      I find that these requests (Requests for Admission 5, 6, 12 and 13 and Interrogatories 17, 18 and 21) are straightforward and Plaintiff should answer them. Plaintiff is in the business of designing pharmaceutical products, and it is reasonable to ask Plaintiff to respond to discovery concerning the ingredients in its own product.

8.      Plaintiff suggests that it may be unaware of whether the flavoring agent in its product contains propylene glycol. However, Plaintiff's discovery responses do not state that Plaintiff lacks knowledge of the composition of its product nor state that Plaintiff has been unable to determine the answer through a "reasonable inquiry." See Fed. R. Civ. P. 36(a)(4). If Plaintiff is unable, in good faith, to determine the composition of its product through a reasonable inquiry, Defendant is entitled to a discovery response so stating.

9.      Plaintiff further argues that the presence or absence of propylene glycol in its product is irrelevant because the meanings of terms in the patent and prosecution history are analyzed objectively. However, at this stage of the litigation, I cannot say that the suitability of flavoring agents lacking propylene glycol for use in Plaintiff's product is necessarily irrelevant to how a person of ordinary skill in the art would interpret statements in the prosecution history regarding the presence or absence of propylene glycol in vancomycin liquid formulations. Given the minimal burden to Plaintiff of answering this discovery, I find that it need not be of overwhelming significance to meet the proportionality test of Rule 26(b)(1). Accordingly, I will require Plaintiff to answer this inquiry.

10.    Defendant's Interrogatory 11 seeks Plaintiff's basis for contending that propylene glycol in Defendant's ANDA is unrelated to Plaintiff's invention. I find it is appropriate to require Plaintiff to give advance notice, in the form of an answer to this interrogatory, as to how it plans to argue this theory at trial. The question may involve expert testimony, and it would be fair to put Defendant's experts on notice of the factual issues that may be involved. I will therefore compel Plaintiff to answer this interrogatory.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's letter request to compel discovery (ECF No. 133) is **GRANTED**. Within **fourteen (14) days of the date of this Order**, Plaintiff shall serve responsive admissions or denials to Defendant's Requests for Admission 5, 6, 12, and 13 and serve responsive answers to Defendant's Interrogatories 11, 17, 18, and 21.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**
